FILED
SUPERIOR COURT
OF GUAM

2022 MAR -2 PM 4: 18

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>F.S. FORIOM<br>(*aka* FS Simata Foriom),<br>DOB: 04/15/1992<br><br>Defendant. | **Criminal Case No. CF0582-21**<br>GPD Report Nos. 21-28059 / 21-28224<br><br>**DECISION AND ORDER<br>DENYING DEFENDANT'S MOTION<br>TO REDUCE COUNT 1 AND COUNT 3<br>TO A MISDEMEANOR** |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on January 28, 2022 for hearing on Defendant F.S. Foriom's (*aka* FS Simata Foriom's) ("Defendant's") Motion to Reduce Count 1 and Count 3 to a Misdemeanor ("Motion"). Assistant Attorney General Steven Haderlie represents the People, and Assistant Public Defender Ronald Haynes represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

On November 22, 2021, Defendant was indicted on Charge One: Family Violence (as a 3rd Degree Felony), Charge Two: Burglary (as a 2nd Degree Felony), Charge Three: Family Violence (as a 3rd Degree Felony), and Charge Four: Criminal Trespass (as a Misdemeanor). See Indictment (Nov. 22, 2021). Defendant allegedly threatened his sister and son with knives on multiple occasions, forcing them to flee their residence for safety. See Magistrate's Complaint (Nov. 15, 2021).

On January 5, 2022, Defendant filed his Motion to Reduce Count 1 and Count 3 to a Misdemeanor. Defendant argued the facts of this case support reducing both Family Violence (as a

Decision and Order Denying Defendant's Motion to Reduce Count 1 and Count 3 to a Misdemeanor
CF0582-21, *People of Guam v. F.S. Foriom*
Page 1 of 3

3rd Degree Felony) charges to Family Violence (as a Misdemeanor). See Motion at 2-3 (Jan. 5, 2022).

On January 25, 2022, the People filed their Response to Defendant's Motion ("People's Response"). Highlighting the severity of the allegations against Defendant, the People requested the Court stay determination of the Motion pending an evidentiary hearing or until the Parties negotiate a resolution of the matter. See People's Response at 4 (Jan. 25, 2022).

The Court held a hearing on January 28, 2022. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

Guam's family violence law is contained in 9 G.C.A. § 30.20. Currently, the law permits the government to determine if the conduct alleged should be charged as a felony or a misdemeanor. If the government elects to charge a felony, the defendant may move for a reduction to a misdemeanor pursuant to 9 G.C.A. § 30.20(b). This section states:

> Upon a written, noticed motion prior to commencement of trial, the defendant may move that a felony charge filed pursuant to this § 30.20, other than a felony charge filed pursuant to § 30.20(a)(3), be reduced to a misdemeanor. Whether any charge, other than a felony charge filed pursuant to § 30.20(a)(3), shall proceed as a misdemeanor or a felony rests within the discretion of the court.

In making a decision on whether a challenged felony charge shall be reduced to a misdemeanor, the Court is guided by 9 G.C.A. § 30.20(c) and is required to consider the following:

> (1) The extent or seriousness of the victim's injuries;
> (2) The defendant's history of violence against the same victim whether charged or uncharged;
> (3) The use of a gun or other weapon by the defendant;
> (4) The defendant's prior criminal history;
> (5) The victim's attitude and conduct regarding the incident;
> (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
> (7) The defendant's history of and amenability to counseling.

The alleged facts surrounding this case indicate that felony Family Violence charges are appropriate. Although no victims reported any injuries, the Defendant allegedly used several sharp

Decision and Order Denying Defendant's Motion to Reduce Count 1 and Count 3 to a Misdemeanor
CF0582-21, *People of Guam v. F.S. Foriom*
Page 2 of 3

knives to threaten the same victims on multiple occasions. See Magistrate's Complaint (Nov. 15, 2021). The victims stated they feared for their lives, and the Defendant's sister was forced to flee the residence for safety on multiple occasions. Id. One such occasion happened after Defendant forcibly entered her home through a bedroom window. Id. These incidents also happened in the presence of minor children, compounding the severity of the charges. Id. And although Defendant has no previous Family Violence charges, these facts allege a series of incidents between Defendant and the victims. Id.

Ultimately, 9 G.C.A. § 30.20 gives the government discretion in deciding whether to charge Family Violence as a felony or misdemeanor. The Court agrees with the government's charging decision having reviewed the alleged facts. Furthermore, any trial of a felony Family Violence charge would require, by law, the factfinder to consider a verdict on the lesser-included misdemeanor offense pursuant to 8 G.C.A. §§ 105.54 and 105.58(b)(1). During trial, the factfinder may very well find not enough evidence exists to convict Defendant of a felony Family Violence charge. However, the alleged facts make it an appropriate issue to submit to the factfinder at trial.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Charges 1 and 3 will not be reduced to misdemeanor Family Violence charges.

**IT IS SO ORDERED** this  March 2, 2022

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
    _AG, PDSC_

Date: 3/2/22 Time: 4:27pm

Deputy Clerk, Superior Court of Guam

_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Reduce Count 1 and Count 3 to a Misdemeanor
CF0582-21, *People of Guam v. F.S. Foriom*
Page 3 of 3